**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| LEWIS Y. LIU,<br><br>      Plaintiff,<br><br>      vs.<br><br>DEMOCRATIC NATIONAL COMMITTEE,<br><br>      Defendant. | Civil Action No. 1:21-cv-00767-LJL |

## <u>DEFENDANT DEMOCRATIC NATIONAL COMMITTEE'S REPLY MEMORANDUM IN SUPPORT OF MOTION TO DISMISS</u>

## TABLE OF CONTENTS

INTRODUCTION ............................................................................................................... 1

ARGUMENT...................................................................................................................... 1

    I.    Plaintiff's attempt to amend his Complaint through his response brief is
        improper and, in any event, futile ........................................................................... 1

    II.    Plaintiff fails to establish that the case is ripe for adjudication, that he has
        standing, or that the DNC may be subject to the claims asserted, all of
        which require state action. .................................................................................... 2

CONCLUSION.................................................................................................................... 4

# TABLE OF AUTHORITIES

**CASES**

*Brandon v. City of N.Y.*,
    705 F. Supp. 2d 261 (S.D.N.Y. 2010)...................................................................................1

*Cal. Democratic Party v. Jones*,
    530 U.S. 567 (2000)...................................................................................................4

*Gray v. Sanders*,
    372 U.S. 368 (1963)...............................................................................................3, 4

*Liu v. U.S. Cong.*,
    834 F. App'x 600 (2d Cir. 2020) ............................................................................3

*N.Y. Wheel Owner LLC v. Mammoet Holding B.V.*,
    481 F. Supp. 3d 216 (S.D.N.Y. 2020)..................................................................1

*Nat. Res. Def. Council v. U.S. Food & Drug Admin.*,
    710 F.3d 71 (2d Cir. 2013).......................................................................................3

*Shelby County v. Holder*,
    570 U.S. 529 (2013)...................................................................................................2

*Stoncor Grp., Inc. v. Peerless Ins. Co.*,
    322 F. Supp. 3d 505 (S.D.N.Y. 2018).................................................................3

*Thomas v. Union Carbide Agric. Prods. Co.*,
    473 U.S. 568 (1985)...................................................................................................3

*Wright v. Ernst & Young LLP*,
    152 F.3d 169 (2d Cir. 1998)....................................................................................1

**STATUTES**

52 U.S.C. § 10301(b) ..........................................................................................................2

**OTHER AUTHORITIES**

Rule 12(b)(6)........................................................................................................................2

## INTRODUCTION

Defendant Democratic National Committee's (DNC) motion to dismiss detailed the several legal deficiencies with Plaintiff Lewis Liu's complaint, each independently fatal to his continued pursuit of this case: (1) the matter is unripe, because Liu challenges past delegate selection rules that have not yet been adopted for any future election cycle; (2) Liu lacks standing, because the DNC has not caused his alleged injury; and (3) as a political party choosing internal rules to govern the ultimate selection of its presidential nominee at its quadrennial convention, the DNC could not have violated any of the various constitutional provisions Liu cites. *See* ECF No. 18. Liu's opposition does not meaningfully contest any of these arguments. Instead, he responds by improperly substituting new claims and by ditching legal precedent in favor of homespun analogies. Neither may save this case from dismissal.

## ARGUMENT

### I.    Plaintiff's attempt to amend his Complaint through his response brief is improper and, in any event, futile.

The legal provisions that Liu defends in his opposition brief are conspicuously different than the claims he alleged in his complaint. Gone is any reference to Article I's Port Preference Clause, and in its place arrives a new claim (or claims) under various sections of the Voting Rights Act (VRA). *See* ECF No. 22 at 4-5. Where a plaintiff fails to respond to arguments in a defendant's motion to dismiss—such as the DNC's arguments against Liu's Port Preference Clause allegations—the claim is abandoned. *See Brandon v. City of N.Y.*, 705 F. Supp. 2d 261, 268 (S.D.N.Y. 2010) (collecting cases). And, of course, a plaintiff may not amend his complaint through statements in briefs. *See Wright v. Ernst & Young LLP*, 152 F.3d 169, 178 (2d Cir. 1998); *N.Y. Wheel Owner LLC v. Mammoet Holding B.V.*, 481 F. Supp. 3d 216, 236 (S.D.N.Y. 2020).

But Liu's attempted amendment is futile in any event. First, he cites Section 4 of the VRA, which has been inoperable since the Supreme Court's decision in *Shelby County v. Holder*, 570 U.S. 529 (2013). *See* ECF No. 22 at 4, quoting 52 U.S.C. § 10303(a)(1)(F). Even when it was in force, Section 4 prescribed a formula that identified state and political subdivisions where racial discrimination in voting had been historically prevalent and which, as a result, were required to seek pre-clearance of changes to their voting laws and processes prior to implementation. The DNC is neither a state nor a political subdivision and it was never covered by Section 4's formula. Thus, even if the Court were to permit Liu the opportunity to amend his complaint to add a Section 4 claim, it, too, would be subject to dismissal under Rule 12(b)(6). The same is true of Liu's new reliance on Section 2 of the VRA. *See* ECF No. 22 at 5, quoting 52 U.S.C. § 10301(b). That Section prohibits states and political subdivisions from denying or abridging the right to vote on account of race or color. *See* 52 U.S.C. § 10301(b). Again, the DNC is not a state or political subdivision, and there is no authority that would support a reading of Section 2 to protect against the theory of "geographic discrimination" that Liu claims to have suffered as a result of prior primary calendars.

For all of these reasons, the Court should reject Liu's improper attempt to revise his complaint in his response, and further decline to allow him to formally move to amend to add a VRA claim, which would be doomed for dismissal from the outset.

## II.     Plaintiff fails to establish that the case is ripe for adjudication, that he has standing, or that the DNC may be subject to the claims asserted, all of which require state action.

As the DNC argues in its motion, this case is subject to dismissal for each of the following reasons: (1) it is not ripe; (2) Liu lacks standing; and (3) each of the claims require state action, which is not present here. Liu fails to grapple with the considerable precedent that the DNC sets forth in support of each of these arguments, any one of which independently requires dismissal of

his claims. Notably, Liu bears the burden of proof to establish ripeness and standing. *See Stoncor Grp., Inc. v. Peerless Ins. Co.*, 322 F. Supp. 3d 505, 511 (S.D.N.Y. 2018) (ripeness); *Nat. Res. Def. Council v. U.S. Food & Drug Admin.*, 710 F.3d 71, 79 (2d Cir. 2013) (standing).

It is well established that claims are not ripe if they depend upon "contingent future events that may not occur as anticipated, or indeed may not occur at all." *Thomas v. Union Carbide Agric. Prods. Co.*, 473 U.S. 568, 580-81 (1985). The 2024 presidential primary schedule turns on all matter of contingencies, and Liu's personal predictions about how various debates will be resolved by state legislatures, state political party committees, and the DNC are insufficient to present a ripe controversy. This case is not like *Gray v. Sanders*, 372 U.S. 368 (1963), which Liu cites for its terse rejection of a mootness argument that is not at issue here. *See* ECF No. 22 at 8. In *Gray*, the Supreme Court held the plaintiffs' challenge to a Georgia election law was not mooted by a political party's adoption of a contrary policy because "[b]ut for the injunction issued below, the [challenged law] remains in force; and if the complaint were dismissed it would govern future elections." 372 U.S. at 375-76. Here, there is no national presidential primary schedule that would remain in force but for this litigation—in fact, as of now any national policy remains under discussion and is unlikely to be adopted until, at the earliest, next summer. Liu's obstacle is not that this issue is somehow capable of repetition yet evading review; it is that he has sought prospective relief from rules that do not yet exist.

Ripeness is not the only jurisdictional defect here. Even if Liu had waited to evaluate his potential claims against the 2024 delegate selection rules until the DNC actually adopted such rules, he still would be required to satisfy Article III's traceability element. *See Liu v. U.S. Cong.*, 834 F. App'x 600, 604 (2d Cir. 2020). He has not done so. In fact, the lack-of-influence "injury" that animates Liu's complaint might entirely have been addressed in 2020 if New York had

3

scheduled its presidential primary for the beginning of March rather than at the end of April—a choice that would have been perfectly compatible with the DNC's rules. Notably, Liu has not identified a single legal authority recognizing a constitutional right for citizens of each state to enjoy equal attention from presidential primary candidates. Instead, he resorts to an analogy about cafeteria privileges at a boarding school—which is similar only to the extent there also is no clear constitutional deprivation suffered in the scenario that Liu posits.

Finally, Liu's claims fail on the merits. Liu alleges violations of constitutional provisions that constrain governments, but the DNC is not a state actor. Rather than restricting the DNC's authority to develop internal processes to choose its presidential nominee, the Constitution affirmatively protects this sphere of decision-making from outside interference. *See, e.g.*, *Cal. Democratic Party v. Jones*, 530 U.S. 567, 575 (2000). Liu's opposition does not address, let alone distinguish, any of the many cases the DNC cited for these legal doctrines. *Compare* ECF No. 18 at 13-15, *with* ECF No. 22 at 10-11. Liu relies again on *Gray*, where the Court held a state may not enforce a party's rules to differently weigh votes for statewide primary elections depending on the county in which the voter resides. 372 U.S. at 381. But Liu does not challenge the weighing of votes, only the order of voting, which was not at issue in *Gray*. In fact, *Gray* expressly declined to extend its holding to "the convention system for nominating candidates," *id*. at 378, n.10, which is what Liu challenges in this action. *Gray* (like the other redistricting cases Liu cites) is wholly inapposite.

## CONCLUSION

For the foregoing reasons, the Complaint should be dismissed with prejudice.

Dated: April 15, 2021

Respectfully submitted,

/s/ *Elisabeth C. Frost*
Elisabeth C. Frost
Jacob D. Shelly*
PERKINS COIE LLP
700 Thirteenth Street, N.W., Suite 600
Washington, D.C. 20005-3960
Telephone: 202.654.6200
Facsimile: 202.654.6211
EFrost@perkinscoie.com
JShelly@perkinscoie.com
*Admitted *pro hac vice*

Adam H. Schuman
PERKINS COIE LLP
115 Avenue of the Americas, 22nd Floor
New York, NY 10036-2711
Telephone: 212.261.6919
ASchuman@perkinscoie.com

*Counsel for Defendant*