```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
                                                                 :
LEWIS Y LIU,                                                     :
                                                                 :
                              Plaintiff,                         :
                                                                 :           21-cv-767 (LJL)
                 -v-                                             :
                                                                 :           OPINION AND ORDER
DEMOCRATIC NATIONAL COMMITTEE,                                   :
                                                                 :
                              Defendant.                         :
                                                                 :
-----------------------------------------------------------------X
```

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 11/12/2021

LEWIS J. LIMAN, United States District Judge:

Defendant Democratic National Committee (the "DNC") moves, pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6), to dismiss the complaint of plaintiff Lewis Y. Liu ("Liu"). Dkt. No. 17. Liu, a registered member of the Democratic Party, challenges the rules adopted by the DNC for the selection of the candidate chosen at its national convention to be the Democratic Party's nominee for President of the United States. *See* Dkt. No. 2 ("Complaint" or "Compl.").

For the following reasons, the DNC's motion to dismiss is granted.

### BACKGROUND AND PROCEDURAL HISTORY

For purposes of this motion, the Court accepts as true the allegations of Liu's Complaint.

The Democratic Party's presidential nominee is selected based on the votes of delegates elected in each of the 50 states, the District of Columbia, the five U.S. territories, and by Democrats Abroad. Compl. at 7. The delegates are pledged to support a candidate for President of the United States based on the votes in primaries or at caucuses held in each of the states and jurisdictions. *Id.* Although the dates have varied over the years, the primaries and caucuses are held on dates selected by the states over the lengthy time period from February to June in the

year during which a presidential election is held. *Id.* at 7-8.  By rule, however, only certain states are permitted to hold their contests before a certain date without risking the loss of some or all of their delegates to the convention. *Id.* at 7.  Those states are Iowa, New Hampshire, Nevada, and South Carolina. *Id.*  In the most recent election cycle, the delegate-selection rules specifically authorized those four states to hold February contests without risking such penalties; the remainder of the states and territories that participated in the Democratic presidential primary process scheduled their contests beginning on March 3, 2020. *Id.* at 7-8.  Similar rules were allegedly in place for the 2008 and 2016 election cycles. *Id.* at 7.  For the 2008 election cycle, only Iowa, New Hampshire, Nevada, and South Carolina were permitted to hold a primary or caucus before February 5, 2008 without suffering a penalty. *Id.*  In 2016, the date before which only these four states could hold a primary or caucus without penalty was February 1. *Id.*

Liu is registered to vote in the state of New York. *Id.* at 1, 4.  In September 2019, New York Governor Andrew Cuomo signed a bill into law that designated April 28, 2020 as the state's presidential primary date. *Id.* at 7.  Due to the COVID-19 pandemic, the primary was not held until June 23, 2020. *Id.* at 8-9.

Liu alleges that voters in contests that are held earlier have greater influence in selecting the candidate who will ultimately be the party's nominee. *Id.* at 2, 11-12.  He also alleges that voters in such states receive far more candidate and media attention and (as a result of candidates dropping out of the race) have far more choices for the nominee than persons who vote in states with later contests. *Id.* at 9-16.  As a result, voters in states with late events feel disenfranchised. *Id.*  Liu recognizes that the DNC has not adopted rules for the 2024 presidential contest; he alleges that, according to a news report, "the DNC hopes to have the calendar issues resolved

before the summer of 2022, when possible 2024 candidates will begin planning their campaigns." *Id.* at 10.

Liu alleges that the DNC's rules violate multiple constitutional provisions, including Article I, Section 9 (the Port Preference Clause); the privileges and immunities clauses of Article IV, Section 2 and Section 1 of the 14th Amendment; the First Amendment; and Section 2 of the 14th Amendment.[1]  *Id.* at 11-12.  As relief, Liu seeks an injunction "to prevent the Defendant from continuing the existing discriminatory primary system that favors the Four States at the expense of all other states, DC and territories" and "a declaratory judgment from the Court that every voter's right to vote in any election shall not be denied, diluted, debased, diminished, demeaned, disadvantaged, or manipulated in any way by any means on any account including but not limited to geographical residence." *Id.* at 13.

The DNC moves to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(1) and 12(b)(6).  Dkt. No. 17.  It argues that the Court lacks subject matter jurisdiction because Liu's challenge to the 2024 delegate-selection process is not ripe and because Liu lacks standing.  Dkt. No. 18 at 8-11.  It also argues that the Complaint fails to state a claim for relief because the DNC is not a state actor and Liu does not allege facts that would support a claim under any of the constitutional provisions he invokes.  *Id.* at 11-16.

## DISCUSSION

The Court first considers its subject matter jurisdiction.  *See United States v. Bond*, 762 F.3d 255, 263 (2d Cir. 2014) ("Subject matter jurisdiction is a 'threshold question that must be

---

[1] In his opposition to the motion to dismiss, Liu also invokes the equal protection and due processes clauses of the 14th Amendment and Section 2 of the Voting Rights Act of 1965, 52 U.S.C. § 10301.  Dkt. No. 22 at 4-5.  Even if the Court were to consider his Complaint to be amended to assert claims under those provisions, however, the invocation of those provisions does not help Liu here.  The ripeness analysis below applies equally to the provisions Liu cites in his Complaint as it does to those cited in his opposition to the motion to dismiss.

resolved . . . before proceeding to the merits.'" (quoting *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 88-89 (1998))); *Wynn v. AC Rochester*, 273 F.3d 153, 157 (2d Cir. 2001) ("[B]efore deciding any case we are required to assure ourselves that the case is properly within our subject matter jurisdiction."). Because the Court concludes that Liu does not have standing and that the case does not present a constitutionally ripe controversy, it need not and does not consider any of the DNC's other arguments.

"Under Article III of the U.S. Constitution, '[t]he judicial Power of the United States' extends only to certain 'Cases' and 'Controversies.'" *Lacewell v. Off. of Comptroller of Currency*, 999 F.3d 130, 141 (2d Cir. 2021) (alteration in original) (quoting U.S. Const. art. III, §§ 1-2). Two related doctrines ensure that the federal courts remain within their constitutional bounds. First, in order to invoke federal judicial power, "[t]he plaintiff must have (1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision." *Spokeo, Inc. v. Robins*, 578 U.S. 330, 338 (2016). To satisfy the injury-in-fact prong, a plaintiff must demonstrate "an invasion of a legally protected interest which is (a) concrete and particularized, and (b) actual or imminent, not conjectural or hypothetical." *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560 (1992) (internal quotation marks and citations omitted). "An allegation of future injury may suffice if the threatened injury is 'certainly impending,' or there is a '"substantial risk" that the harm will occur.'" *Susan B. Anthony List v. Driehaus*, 573 U.S. 149, 158 (2014) (quoting *Clapper v. Amnesty Int'l USA*, 568 U.S. 398, 414 & n.5 (2013)).

"The doctrine of constitutional ripeness 'prevents a federal court from entangling itself in abstract disagreements over matters that are premature for review because the injury is merely speculative and may never occur.'" *In re Methyl Tertiary Butyl Ether (MTBE) Prod. Liab. Litig.*,

725 F.3d 65, 110 (2d Cir. 2013) (quoting *Ross v. Bank of America, N.A. (USA)*, 524 F.3d 217, 226 (2d Cir. 2008)).  "Standing and ripeness are closely related doctrines that overlap most notably in the shared requirement that the plaintiff's injury be imminent rather than conjectural or hypothetical." *N.Y. Civil Liberties Union v. Grandeau*, 528 F.3d 122, 130 n.8 (2d Cir. 2008) (cleaned up).  "A claim is not ripe if it depends upon 'contingent future events that may not occur as anticipated, or indeed many not occur at all.'" *Nat'l Org. for Marriage, Inc. v. Walsh*, 714 F.3d 682, 688 (2d Cir. 2013) (quoting *Thomas v. Union Carbide Agric. Prods. Co.*, 473 U.S. 568, 580-81 (1985)).  "[T]o say a plaintiff's claim is constitutionally unripe is to say the plaintiff's claimed injury, if any, is not actual or imminent, but instead conjectural or hypothetical." *Id.* at 688 (internal quotation marks omitted).[2]  "If the case is not ripe for review, subject matter jurisdiction does not exist and the case must be dismissed." *Ferncliff Cemetery Ass'n v. Town of Greenburgh, New York*, 2019 WL 6878560, at *5 (S.D.N.Y. Dec. 17, 2019) (quoting *B.T. Holdings, LLC v. Village of Chester*, 2016 WL 796866, at *3 (S.D.N.Y. Feb. 23, 2016), *aff'd*, 670 F. App'x 17 (2d Cir. 2016) (summary order)).

"The burden rests on the party asserting jurisdiction to clearly allege facts demonstrating standing." *Ross*, 524 F.3d at 222.  Likewise, the plaintiff bears the burden of showing that a dispute is ripe. *See Ferncliff*, 2019 WL 6878560, at *5.  The existence of subject matter jurisdiction must be established by a preponderance of the evidence. *See Tandon v. Captain's Cove Marina of Bridgeport, Inc.*, 752 F.3d 239, 243 (2d Cir. 2014).

---

[2] The doctrine of constitutional ripeness is to be distinguished from prudential ripeness pursuant to which a court that has jurisdiction declines to exercise it for prudential reasons.  *See Lacewell*, 999 F.3d at 148-49; *see also Simmonds v. I.N.S.*, 326 F.3d 351, 357 (2d Cir. 2003) ("[W]hen a court declares that a case is not prudentially ripe, it means that the case will be *better* decided later and that the parties will not have constitutional rights undermined by the delay.  It does not mean that the case is not a real or concrete dispute affecting cognizable current concerns of the parties within the meaning of Article III.").

Liu has not alleged an injury that is "actual or imminent" as opposed to being "conjectural or hypothetical." *Lujan*, 504 U.S. at 560. He does not allege any injury from a DNC rule that is currently in force. The delegate selection rules are specific to each presidential election. The rules in force in 2008 did not apply in 2016, and the rules in force for 2016 did not apply in 2020. By the Complaint's own admission, the delegate-selection rules that will apply for the 2024 presidential election will not be adopted "before the summer of 2022" when "the DNC hopes to have calendar issues resolved" and "when possible 2024 candidates will begin planning their campaigns." Compl. at 10. Assuming but not deciding that the injuries he alleges —fewer candidates to choose among, decreased media attention, less candidate attention—are "concrete" and "particularized," there is no allegation that those injuries are certainly impending or that there is a substantial risk that they will occur. Accepting the allegations of the Complaint, there is no guarantee regarding the rule that the DNC will adopt; Liu's Complaint rests upon speculation about the DNC's future actions. *See Lacewell*, 999 F.3d at 143. At this time, there is not even a rule that he alleges the DNC is considering. *See id.* Whether Liu will suffer the injuries he fears thus will depend on the entirely speculative question regarding the rules that the DNC adopts, as well as on the legislation that New York state adopts in reaction and the results of the early contests and the reaction of the candidates to those results. As the DNC points out, the selection of now-President Biden as the Democratic nominee was "attributable not to the First Four," Dkt. No. 18 at 4 n.4, but to the later contests; and President Biden "became the presumptive nominee" on April 8, 2020, not because he had won enough pledged delegated to secure the nomination but because that was the day that Vermont Senator Bernie Sanders, "the only other candidate remaining, withdrew from the race," *id.* at 4 (quoting Compl. at 8).

For substantially the same reasons, Liu also has not alleged a constitutionally ripe dispute. *See Lacewell*, 999 F.3d at 149-50. He does not allege that the DNC has engaged even "in preliminary discussions" regarding the rule to be adopted. *Id.* at 150. Thus, Liu is asking the Court to engage in the impermissible exercise of "entangl[ing itself] in abstract disagreements over matters that are premature for review because the injury is merely speculative and may never occur." *Id.* (quoting *In re MTBE Prods. Liab. Litig.*, 725 F.3d at 110).

## CONCLUSION

For the reasons stated, the DNC's motion to dismiss the Complaint under Federal Rule of Civil Procedure 12(b)(1) for lack of subject matter jurisdiction is GRANTED. The Complaint is dismissed with prejudice.

The Clerk of Court is respectfully directed to close Dkt. No. 17 and to close the case.

SO ORDERED.

Dated: November 12, 2021
New York, New York

_____
LEWIS J. LIMAN
United States District Judge