MANDATE

21-3021-cv
Liu v. Democratic National Committee

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 22nd day of September, two thousand twenty-two.

PRESENT:
    **ROSEMARY S. POOLER,**
    **ROBERT D. SACK,**
    **MICHAEL H. PARK,**
        *Circuit Judges.*

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: Oct 13 2022
```

**LEWIS Y. LIU,**

    *Plaintiff-Appellant,*

    v.                                                   21-3021

**DEMOCRATIC NATIONAL COMMITTEE,**

    *Defendant-Appellee.*

| | |
|---|---|
| **FOR PLAINTIFF-APPELLANT:** | Lewis Y. Liu, pro se, New York, N.Y. |
| **FOR DEFENDANT-APPELLEE:** | Elisabeth C. Frost, Jacob D. Shelly, Elias Law Group LLP, Washington, D.C. |

MANDATE ISSUED ON 10/13/2022

Appeal from a judgment of the United States District Court for the Southern District of New York (Liman, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Lewis Y. Liu, a New York State voter registered as a Democrat, sued the Democratic National Committee ("DNC"), alleging that the DNC had violated federal law and several provisions of the U.S. Constitution when it enacted a rule for the 2008, 2016, and 2020 presidential primaries that only four states could hold their primaries before a certain date in February. Liu alleged, inter alia, that the rule diluted his vote in the 2020 New York Democratic Party primary and that the DNC was likely to enact the same rule for the 2024 primaries. The district court granted the DNC's motion to dismiss the complaint for lack of subject-matter jurisdiction, holding that Liu lacked standing and that his claims were unripe. Liu appeals, proceeding pro se. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

We review de novo the dismissal of an action for lack of subject-matter jurisdiction, "construing the complaint liberally and accepting all factual allegations in the complaint as true." *Green v. Dep't of Educ. of N.Y.*, 16 F.4th 1070, 1074 (2d Cir. 2021). Dismissal for lack of subject-matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1) is proper "when the district court lacks the statutory or constitutional power to adjudicate [the case]." *Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000). The federal judicial power is limited to "Cases" and "Controversies," U.S. Const. art. III, § 2, and consequently, a plaintiff must demonstrate that he has "a personal stake in the case—in other words, standing." *TransUnion LLC v. Ramirez*, 141

S. Ct. 2190, 2203 (2021) (citation and internal quotation marks omitted). The party invoking federal jurisdiction has the burden of establishing standing. *Rajamin v. Deutsche Bank Nat'l Tr. Co.*, 757 F.3d 79, 84 (2d Cir. 2014). To establish Article III standing, "a plaintiff must show (i) that he suffered an injury in fact that is concrete, particularized, and actual or imminent; (ii) that the injury was likely caused by the defendant; and (iii) that the injury would likely be redressed by judicial relief." *TransUnion*, 141 S. Ct. at 2203 (citing *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560-61 (1992)). "An allegation of future injury may suffice if the threatened injury is certainly impending, or there is a substantial risk that the harm will occur." *Susan B. Anthony List v. Driehaus*, 573 U.S. 149, 158 (2014) (citation and internal quotation marks omitted). But an allegation of future injury cannot be merely "conjectural or hypothetical." *Id.* (citation and internal quotation marks omitted).

Additionally, the ripeness doctrine "prevents a federal court from entangling itself in abstract disagreements over matters that are premature for review because the injury is merely speculative and may never occur . . . ." *Dougherty v. Town of N. Hempstead Bd. of Zoning Appeals*, 282 F.3d 83, 90 (2d Cir. 2002), *abrogated on other grounds by Knick v. Twp. of Scott*, 139 S. Ct. 2162 (2019). That doctrine overlaps with standing, "most notably in the shared requirement that the injury be imminent rather than conjectural or hypothetical." *Brooklyn Legal Servs. Corp. v. Legal Servs. Corp.*, 462 F.3d 219, 225 (2d Cir. 2006), *abrogated on other grounds by Bond v. United States*, 564 U.S. 211 (2011). A claim is unripe if it depends on "contingent future events that may not occur as anticipated, or indeed may not occur at all." *Thomas v. Union Carbide Agric. Prods. Co.*, 473 U.S. 568, 580-81 (1985) (citation omitted).

We affirm the district court's dismissal for substantially the same reasons given by the

3

1  district court in its amended opinion and order dated November 15, 2021. Specifically, we agree
2  with the district court that Liu did not establish an injury in fact because his concerns were
3  "conjectural" or "hypothetical." As Liu acknowledges, the DNC has not yet enacted its rules for
4  2024, and he has not shown that the DNC rules used in prior primaries also will be used in 2024.
5  Moreover, the voting-rights cases that Liu cites in which plaintiffs have successfully
6  demonstrated injury in fact are not applicable because those cases addressed existing state laws.
7  *See, e.g.*, *Wesberry v. Sanders*, 376 U.S. 1, 7 (1964); *Reynolds v. Sims*, 377 U.S. 533, 556 (1964);
8  *Gray v. Sanders*, 372 U.S. 368, 374-75 (1963); *Baker v. Carr*, 369 U.S. 186, 206-08 (1962). At
9  bottom, Liu's complaint rests on speculation about the DNC's 2024 rules and New York State's
10 ultimate 2024 primary date, which is not enough to allege a "concrete, particularized, and actual
11 or imminent" injury as required by Article III. *TransUnion*, 141 S. Ct. at 2203. For the same
12 reason, Liu's claim is not ripe. His vote-dilution claim depends on several "contingent future
13 events that may not occur as anticipated." *Thomas*, 473 U.S. at 580-81 (citation omitted). Liu's
14 complaint is premature and thus constitutionally unripe. The district court correctly held that it
15 lacked subject-matter jurisdiction based on Liu's unripe claim and failure to satisfy the
16 requirements of Article III standing.
17 We have considered all of Liu's remaining arguments and find them to be without merit.
18 Accordingly, we **AFFIRM** the judgment of the district court.

19                     FOR THE COURT:
20                     Catherine O'Hagan Wolfe, Clerk of Court

A True Copy
Catherine O'Hagan Wolfe, Clerk
United States Court of Appeals, Second Circuit